FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

2015 DEC 23 P 4: 40

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

BLUE PLATE CATERING, LTD,            )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )    Civil Action No. 1:15CV1692 -LO/JFA
                                     )
SEMINOLE TRIBE OF FLORIDA,           )
                                     )
        Defendant.                   )
_____)

### COMPLAINT FOR *DE NOVO* REVIEW OF DECISION OF
### TRADEMARK TRIAL AND APPEAL BOARD

COMES NOW the Plaintiff, BLUE PLATE CATERING, LTD, a corporation organized and existing under the laws of the State of Illinois, and for its Complaint for *De Novo* Review of a Decision of the Trademark Trial and Appeal Board dismissing Plaintiff's Opposition to Registration in favor of Defendant, SEMINOLE TRIBE OF FLORIDA, a federally-recognized Indian tribe based in Florida, and in support of its complaint states as follows:

### NATURE OF ACTION

1.    This is an action seeking judicial review of a final decision of the Trademark Trial and Appeal Board ("TTAB"), and administrative agency of the United States Patent and Trademark Office ("USPTO"), under 15 U.S.C. § 1071(b)(1) pertaining to Plaintiff's Opposition to Registration of Defendant's purported mark "BLUE PLATE" in International Class 043.

2.    On October 29, 2015, a TTAB panel dismissed Plaintiff's Opposition to Registration of Defendant's mark "BLUE PLATE" in international class 043 pertaining to restaurant services based on Defendant's U.S. Trademark Application No. 85711441. In dismissing

1

Plaintiff's opposition, the TTAB found that Plaintiff had not demonstrated the priority of its own "BLUE PLATE" mark based on prior use in commerce and common law rights in the trademark and was therefore unable to demonstrate a likelihood of consumer confusion under Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d).

## PARTIES

3.  Blue Plate Catering, Ltd. is an Illinois corporation, located at 1061 W. Van Buren, Chicago, IL 60607. Blue Plate Catering, Ltd. is a catering company that does business throughout the Chicago area and Illinois, and in various other states and jurisdictions, including, without limitation, Illinois, Wisconsin, Indiana, New York, California and Michigan. Blue Plate Catering, Ltd. advertises its services throughout the country and has done business with entities headquartered throughout the United States, including companies headquartered in New York, California, Illinois, Wisconsin, Indiana and Michigan.

4.  On information and belief, Defendant Seminole Tribe of Florida is a federally-recognized Indian tribe located at 6300 Stirling Road, Hollywood, Florida 33024. Seminole Tribe of Florida owns and operates casinos in the State of Florida, as well as associated food-service and entertainment venues situated on its casino premises.

## JURISDICTION & VENUE

5.  This is an action for judicial review of a final decision of the TTAB under Section 21(b)(1) of the Lanham Act, 15 U.S.C. 1071(b)(1).

6.  This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 as it involves claims presenting federal questions under 15 U.S.C. 1071(b). This section provides that a party to an opposition proceeding may have remedy by a civil action, and a court may

adjudge that the application involved be rejected or may order such other relief as the issues in the proceeding require.

7.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) in that Defendant resides in this district by virtue of being subject to personal jurisdiction, based on its advertisement to and acceptance of reservations and other accommodations from citizens of the state of Virginia, and all 50 states, for its primary venue, the Hard Rock Hotel and Casino in Tampa, Florida, U.S.A. Venue is also proper because the USPTO is located in the Alexandria Division of this District, and Defendant has sought to avail itself of the powers and protections of the USPTO in relation to the use of its trademarks.

### FACTUAL BACKGROUND

8.    Defendant seeks to register a mark which consists of the term "BLUE PLATE" for use in connection with "restaurant services" in International Class 043 (hereinafter, the "Defendant's Mark").

9.    Defendant's Mark was published for opposition on October 16, 2012.

10.   Plaintiff owns a state registration for "BLUE PLATE" with the State of Illinois, specifically Registration No. 0968972 for "Catering Services, Restaurant Services, Food Preparation Services" in Illinois Class 043 (hereinafter, the "Illinois Trademark").

11.   The Illinois Trademark was registered on December 29, 2006 with its first use designated as September 30, 1987. The Illinois Trademark registration is valid, subsisting, and in full force and effect. A copy of the State of Illinois Trademark/Service Mark Detail Report is attached hereto as Exhibit A.

12.   Plaintiff also owns common law rights in the mark and name "BLUE PLATE" based on its common-law use of "BLUE PLATE" in interstate commerce for restaurant and

3

catering services since 1983. Specifically, plaintiff has operated a restaurant/delicatessen using the mark "BLUE PLATE" and currently operates a catering company named Blue Plate Catering, Ltd. that utilizes the channels of trade and does business in multiple states and jurisdictions beyond Illinois, including, without limitation, Indiana, Wisconsin, Michigan, New York and California.

13. Since 1983, and long before the Defendant's activities complained of herein, Plaintiff has continuously used the name "BLUE PLATE" as a trademark and service mark as a food service provider.

14. On January 13, 1994, Plaintiff incorporated its business under the name "BLUE PLATE Catering, Ltd."

15. Plaintiff has established itself as a premier food service provider in the City of Chicago, and Plaintiff has provided catering and food services in multiple states, nationwide including, without limitation, Illinois, Indiana, Wisconsin and Michigan. Plaintiff has developed, at great effort and expense, exceedingly valuable goodwill with respect to the mark listed above.

16. By virtue of Plaintiff's long use, as well its extensive sales, advertising, and promotional efforts, the BLUE PLATE name and mark have become distinctive and famous. The BLUE PLATE name and mark achieved that fame and distinction long prior to Defendant's activities complained of herein.

17. Plaintiff has attained a significant amount of consumer recognition by virtue of its superior food service. The BLUE PLATE name and mark has appeared in numerous publications. It has advertised and provided its services across state lines in interstate commerce, and has been the subject of nationwide media publications, including several

4

nationally-distributed industry trade magazines, consumer and business publications, and newspapers of general circulation such as the *Chicago Tribune* and the *Washington Post*.

18. Plaintiff advertises in national restaurant and catering trade publications such as *BizBash*, *Catering Magazine*, *Catersource* and *Special Events Magazine,* as well as national wedding-related publications such as *The Knot*. These publications and advertisements are distributed in all 50 states. Plaintiff devotes approximately 10% of its overall advertising budget to national advertising outside the state of Illinois.

19. Approximately 20% of Plaintiff's annual revenues are derived from contracts and partnerships with entities outside of the Midwest for the provision of catering services.

20. Plaintiff engages in significant promotional efforts on a national level beyond simple advertising, including participations in catering and special event trade shows such as the Professional Convention Management Association show, the Incentives and Meetings Executives show in Las Vegas, NV, and the American Association of Executives show in Washington, D.C., devoting approximately $20,000 of its operating budget to such national advertising efforts per year.

21. Due to the advertising and promotional efforts described above, Plaintiff has established a "famous mark" as that term is used in the context of analyzing trademark rights.

22. On August 23, 2012, Defendant Seminole Tribe of Florida filed a federal trademark application for BLUE PLATE + design for "restaurant services".

23. Defendant's application specified a first use date and a first use in commerce date of May 11, 2004.

24.     On June 30, 2014, Plaintiff filed a federal trademark application for BLUE PLATE
        CATERING for "catering services". Plaintiff's application alleged a first use date and a
        first use in commerce date of December 1983.

25.     Plaintiff's application was published for opposition on April 21, 2015. Neither Defendant
        nor any other third party filed any kind of opposition or extension of time to oppose
        against Plaintiff's application.

26.     Plaintiff's application is subject to concurrent use proceedings, and Plaintiff claims initial
        and exclusive use in (at least) the territories covered by Illinois, Indiana, Michigan and
        Wisconsin. Plaintiff's application also disclaims the term CATERING, leaving only
        BLUE PLATE as the distinctive portion of both Plaintiff's and Defendant's marks.

27.     Both Plaintiff's and Defendant's marks similarly represent services in the same
        International Class 043, and both were submitted on the basis of §1(a) use in commerce.

28.     Despite Plaintiff's long-standing prior rights in the BLUE PLATE name and mark,
        Defendant filed its application to register the Defendant's Mark.

29.     The Plaintiff's mark and the Defendant's Mark are similar in sound, connotation,
        appearance and commercial impression because they contain the exact same phrase and
        sound exactly the same.

30.     The Plaintiff's mark and the Defendant's Mark are similar as to the nature of the goods or
        services described as both the Plaintiff and the Defendant are food service providers. In
        fact, "restaurant services" are listed under both the Defendant's Mark and the Plaintiff's
        Illinois Mark.

31.     If registration is issued to the Defendant's Mark, the confusion with the Plaintiff's Mark
        would result in damage and injury to the Plaintiff and the public.

6

32.   Registration of the Defendant's Mark would give Defendant an unqualified right to wrongfully appropriate Plaintiff's valuable goodwill and reputation associated with Plaintiff's mark and allow it to benefit from the likely confusion among purchasers led to believe that the Defendant's services are related in some fashion to the Plaintiff's services.

33.   The Plaintiff believes that it will be damaged by registration of the Defendant's applied-for mark, and opposes the same.

34.   On August 23, 2012, Plaintiff filed its opposition to registration of the Defendant's mark on the basis that such use by Defendant would be confusingly-similar to its own use of the substantially-similar "BLUE PLATE" mark in international class 043 for catering and restaurant services. The opposition was designated as TTAB Opposition No. 91208485.

35.   The parties engaged in discovery and each party submitted testimony, exhibits, and trial briefs to the TTAB. The TTAB declined to entertain oral argument.

36.   On October 29, 2015, the TTAB issued a non-precedential decision dismissing the opposition. A copy of the TTAB's decision is attached as Exhibit B. Plaintiff believes that the decision is erroneous and appeals to this Court for *de novo* review of the matters considered by the TTAB.

37.   The TTAB's decision dismissing the opposition is erroneous because Plaintiff can establish prior use of its own "BLUE PLATE" mark in commerce on a date well before Defendant's stated first use in commerce date of its own mark in 2004, and because granting Defendant's application would result in a substantial likelihood of consumer confusion given the precise similarity of the respective marks and the overlapping channels of trade to which each party's services are directed.

38.     Plaintiff seeks *de novo* review of the TTAB decision under Section 21 of the Lanham

        Act, 15 U.S.C. § 1071.

## CAUSES OF ACTION

### COUNT I

**REQUEST FOR REVERSAL OF TTAB DECISION AND REFUSAL OF DEFENDANT'S U.S. TRADEMARK APPLICATION NO. 85711441 FOR THE MARK "BLUE PLATE" IN INTERNATIONAL CLASS 043**

39.     Plaintiff alleges and incorporates by reference the allegations of paragraphs 1-38 into this

        paragraph 39.

40.     Plaintiff is dissatisfied with the decision of the Trademark Trial and Appeal Board and its

        erroneous conclusion that Defendant's applied-for "BLUE PLATE" mark is not likely to

        cause consumer confusion with Plaintiff's "BLUE PLATE" mark based on what it held is

        Plaintiff's failure to establish prior use of the mark in commerce.

41.     The TTAB's decision of October 29, 2015, should be reversed and vacated, and an order

        should be entered directing the USPTO to reverse its decision and sustain Plaintiff's

        trademark opposition against registration of Defendant's federal trademark application

        for the "BLUE PLATE" mark and thereby refuse registration of Defendant's U.S.

        Trademark Application No. 85711441.

### COUNT II

### TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)

42.     Plaintiff alleges and incorporates by reference the allegations of paragraphs 1-41 into this

        paragraph 42.

43.     Defendant's actions in using the BLUE PLATE mark constitute a likelihood of dilution

        of Plaintiff's lawful use of its BLUE PLATE mark under 15 U.S.C. § 1125(c).

**WHEREFORE**, Plaintiff requests that the Court:

a.      reverse the TTAB's decision dismissing Plaintiff's opposition to registration of

Application Serial No. 85711441;

b.      Award money damages to Plaintiff in an amount to be proven at trial;

c.      order that Defendant's BLUE PLATE mark be refused registration;

d.      order the Defendant to pay all damages resulting from dilution of the Plaintiff's

BLUE PLATE mark caused by the continued use of its own mark;

e.      order that Defendant pay all of Plaintiff costs and reasonable attorney's fees; and

f.      for such further relief as the Court deems just.

Respectfully submitted,
BLUE PLATE CATERING, LTD.

Daniel D. Mauler (VSB#73190)
Redmon, Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
(703) 684-2000 (Telephone)
(703) 684-5109 (Fax)
dmauler@rpb-law.com
*Counsel for Defendant*

/s/ Thomas D. Carroll
Thomas D. Carroll
FUKSA KHORSHID, LLC
70 W. Erie, 2nd Floor
Chicago, IL 60654
T: (312)266-2221
F: (312) 266-2224
tom@fklawfirm.com
*Attorney for the Plaintiff*
*Blue Plate Catering, Ltd.*
(Application Pending for
Admission *pro hac vice*)

Date: December 23, 2015

9